**SCOTT H. MARCUS & ASSOCIATES**
**Brittany Tedesco, Esquire**
121 Johnson Road
Turnersville, NJ  08012
(856) 227-0800
Attorneys for Plaintiff, Robert Caione

RECEIVED

FEB 16 2016

AT 8:30_____M
WILLIAM T. WALSH CLERK

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT CAIONE,**<br><br>Plaintiff<br><br>v.<br><br>**NAVIENT CORPORATION,**<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Robert Caione ("Plaintiff"), by and through his attorneys, Scott H. Marcus & Associates, by way of Complaint against the Defendant says:

### PARTIES

1.      Plaintiff Robert Caione ("Plaintiff") is a natural person with an address of 609 Arlmay Avenue, Somerdale, NJ 08083.

2.      Plaintiff is a consumer as defined in 15 U.S.C. §1692a(3).

3.      Defendant Navient Corporation ("Defendant") is a business incorporated in the State of Delaware with its corporate headquarters located at 123 Justison Street, Suite 300, Wilmington, Delaware 19801.

4.      Defendant collects and/or attempts to collect consumer debts incurred, or alleged to have been incurred for personal, family, or household purposes on behalf of creditors and debt buyers using the U.S. mail, telephone, and/or internet.

1

## JURISDICTION AND VENUE

5.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that the within claims may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

6.     The court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form the same case or controversy.

7.     Venue is proper in this action pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8.     Plaintiff received a statement for the debt of Alexandria F. Neubaum from Defendant for the period of December 14, 2014 to January 13, 2015. A true and correct copy of the December 14, 2014 to January 13, 2015 statement is attached hereto and incorporated herein as Exhibit A.

9.     Plaintiff spoke with a representative of Defendant named Rachel on January 23, 2015 and told her that he did not wish to receive any more calls or correspondence from Defendant regarding Neubaum's debt. See Exhibit A.

10.     Despite this clear communication, Plaintiff continued to receive several unwarranted calls from Navient.

11.     On or about April 2, 2015, Plaintiff wrote a letter to Navient, sent via certified mail, stating that he did not know and had never met the principal owner of the debt and that all

2

further phone calls and/or mailings were to cease. A true and correct copy of the April 2, 2015 letter is attached hereto and incorporated herein as Exhibit B.

12.     Navient received this correspondence on April 8, 2015. A true and correct copy of the certified mail receipt is attached hereto and incorporated herein as Exhibit C.

13.     Plaintiff continued to receive correspondence from Navient on April 21, 2015, June 24, 2015, August 12, 2015, September 9, 2015, October 13, 2015, November 13, 2015, November 24, 2015, December 1, 2015, December 5, 2015, December 13, 2015, December 24, 2015, and January 13, 2016. A true and correct copy of the correspondence is attached hereto and incorporated herein as Exhibit D.

14.     Plaintiff's credit score has been significantly impacted due to Defendant's wrongful reporting, down from an over 800 score to a score in the 600s.

15.     Moreover, the actions of Defendant caused and continue to cause Plaintiff to sustain and incur monetary damages together with other statutory damages.

<h3 style="text-align:center">COUNT ONE</h3>

16.     Plaintiff repeats and incorporates all of the foregoing allegations of the Complaint as if set forth at length herein.

17.     Plaintiff notified Defendant verbally and in writing that he wished the Defendant would cease further communication with Plaintiff. See Exhibits A and B.

18.     Defendant received this communication. See Exhibit C.

19.     The conduct of Defendant, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a) and therefore Plaintiff is entitled to damages pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, Plaintiff Robert Caione demands judgment against Defendant Navient as follows:

SCOTT H. MARCUS
& ASSOCIATES
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012

  a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

  b. Statutory damages of $1,000.00 for each violation of the Fair Debt Collections Practices Act pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. All reasonable attorney's fees and costs incurred by Plaintiff pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Such other relief as is available and deemed appropriate by the Court.

## COUNT TWO

20. Plaintiff repeats and incorporates all of the foregoing allegations of the Complaint as if set forth at length herein.

21. The conduct of Defendant, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff, after receiving notice from Plaintiff that such communication was to cease.

**WHEREFORE**, Plaintiff Robert Caione demands judgment against Defendant Navient as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

  b. Statutory damages of $1,000.00 for each violation of the Fair Debt Collections Practices Act pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. All reasonable attorney's fees and costs incurred by Plaintiff pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Such other relief as is available and deemed appropriate by the Court.

SCOTT H. MARCUS
& ASSOCIATES
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012

4

## COUNT THREE

22.    Plaintiff repeats and incorporates all of the foregoing allegations of the Complaint as if set forth at length herein.

23.    The conduct of Defendant, as detailed in the preceding paragraphs violated 15 U.S.C. §1692e in that Defendant engaged in false, misleading, and deceptive means in connection with attempted collection of a debt and failed to conduct a meaningful review of their file prior to initiating and continuing collection activity.

**WHEREFORE**, Plaintiff Robert Caione demands judgment against Defendant Navient as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.   Statutory damages of $1,000.00 for each violation of the Fair Debt Collections Practices Act pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   All reasonable attorney's fees and costs incurred by Plaintiff pursuant to 15 U.S.C. §1692k(a)(3); and

d.   Such other relief as is available and deemed appropriate by the Court.

## COUNT FOUR

24.    Plaintiff repeats and incorporates all of the forgoing allegations of the Complaint as if set forth at length herein.

25.    The conduct of Defendant, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f in that Defendant employed unfair and unconscionable means in efforts to collect a debt.

26.    Defendant was otherwise in violation of the Fair Debt Collections Practices Act.

**WHEREFORE**, Plaintiff Robert Caione demands judgment against Defendant Navient as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.   Statutory damages of $1,000.00 for each violation of the Fair Debt Collections Practices Act pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.   All reasonable attorney's fees and costs incurred by Plaintiff pursuant to 15 U.S.C. §1692k(a)(3); and

    d.   Such other relief as is available and deemed appropriate by the Court.

## COUNT FIVE

27.    Plaintiff repeats and incorporates all of the foregoing allegations of the Complaint as if set forth at length herein.

28.    The conduct of Defendant, as detailed in the preceding paragraph, violated 15 U.S.C. §1692g in that Defendant failed to validate the alleged debt prior to continuing their collection efforts.

29.    Moreover, Defendant did not cease collection of the debt after Plaintiff's letter to cease communications in order to obtain verification of the debt in violation of 15 U.S.C. 1692g(b).

**WHEREFORE**, Plaintiff Robert Caione demands judgment against Defendant Navient as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.   Statutory damages of $1,000.00 for each violation of the Fair Debt Collections Practices Act pursuant to 15 U.S.C. §1692k(a)(2)(A);

SCOTT H. MARCUS
& ASSOCIATES
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012

6

c.   All reasonable attorney's fees and costs incurred by Plaintiff pursuant to 15

U.S.C. §1692k(a)(3); and

d.   Such other relief as is available and deemed appropriate by the Court.

**SCOTT H. MARCUS & ASSOCIATES**
Attorneys for Plaintiff

DATED: 2/11/16                                      By: _____
Brittany Tedesco, Esquire