UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT CAIONE,
                Plaintiff,

                              CIVIL NO. 16-0806(NLH/JS)
v.

                              OPINION
NAVIENT CORPORATION,
                Defendant.

**APPEARANCES:**

SCOTT M. MARCUS
SCOTT M. MARCUS & ASSOCIATES
121 JOHNSON ROAD
TURNERSVILLE, NJ 08012
    On behalf of Plaintiff Robert Caione

ERIC HURWITZ
MICHELLE H. BADOLATO
STRADLEY RONON STEVENS & YOUNG, LLP
A PENNSYLVANIA LIMITED LIABILITY PARTERSHIP
LIBERTY VIEW
457 HADDONFIELD ROAD
SUITE 100
CHERRY HILL, NJ 08082
    On behalf of Defendant Navient Corporation

**HILLMAN**, District Judge

    Presently before the Court is Navient Solutions, Inc.'s ("Navient")[1] motion to dismiss Robert Caione's Complaint

---

[1] Defendant notified the Court that it, Navient Solutions, Inc., has been misidentified by Plaintiff as Navient Corporation. (Docket No. 8 at 2.)

regarding student loan debt.[2]  Plaintiff, Caione, did not file a brief in opposition to Defendant's motion.  For the reasons expressed below, Defendant's Motion to Dismiss will be granted.

## JURISDICTION

Plaintiff brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  This Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff Robert Caione received from Navient a loan statement for the period of December 14, 2014, to January 13, 2015, for the purported student loan debt of Alexandra F. Neubaum. (Docket No. 1 at 2.)  In an April 2, 2015, letter to Navient,[3] Caione wrote that Navient had harassed him for a debt for which he was not responsible; he did not know and never had met Alexandra Neubaum; he had advised Navient of this on numerous occasions; someone had stolen his personal information

---

[2] Two loans are referenced on the statements attached to the Complaint; one ending in number "6542" and the other ending in number "6534."

[3] The Complaint is unclear as to whether Caoine stands by the factual content of the April 2 letter, inter alia, that he did not cosign the loan.  While Plaintiff mentions the letter, he does not expressly incorporate its contents into the Complaint nor does he separately assert the same facts in his Complaint.  While we note this curious discrepancy, the disposition of Defendant's motion does not turn on a resolution of those facts.

and he had never signed or agreed to the loan with Navient. (Id.)  Caione asked Navient to cease and desist as to further phone calls, bills and mailings. (Docket No. 1-3 at 14.)

Plaintiff contends in his Complaint that on January 23, 2015, he informed a Navient representative that he did not wish to receive any further calls or correspondence regarding Neubaum's debt. (Docket No. 1 at 2.)  Navient continued to call and correspond with Caione.  Caione says his credit score decreased significantly from over 800 to the 600's due to Navient's wrongful reporting. (Id.)

In his five-count Complaint, Caione charges that Navient's calls and correspondence were in violation of the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692 et seq. (Docket No. 1 at 2.)  Plaintiff says Navient: (1) violated § 1692c(a) of the FDCPA which places restrictions on the times a debt collector may communicate with a consumer (Id.); (2) harassed and abused him in collecting the debt in violation of § 1692d of the FDCPA (Docket No. 1 at 4.); (3) engaged in false and misleading and deceptive means to collect the debt, violating 1692e of the FDCPA (Docket No. 1 at 5.); (4) used "unfair and unconscionable means" to collect debt in violation of § 1692f of the Act (Id.); and (5) failed to validate the alleged debt, thus violating § 1692g of the Act. (Docket No. 1 at 6.)  Caione seeks to recover actual damages, statutory

3

damages and reasonable attorney fees under 15 U.S.C. § 1692k(a). (Docket No. 1 at 6-7.)

Pursuant to the Federal Rule of Civil Procedure 12(b)(6), Navient has moved to dismiss Plaintiff's claims against it, arguing all the claims fail as a matter of law.[4] (Docket No. 8 at

---

[4] Navient states in its Motion to Dismiss, "The complaint fails as a matter of law, in its entirety, because the FDCPA does not apply to [Navient]." (Docket No. 8-1 at 10.)  Navient also says, "The FDCPA does not apply to [it] as a matter of law." (Docket No. 8-1 at 11.)  Navient's assertions are overly broad.  The applicability of the FDCPA depends upon whether the "person" is a "debt collector" as defined by the Act.  It is a fact-based determination made on a case-by-case basis.  Relevant facts under the Act include: (1) whether the debt was in default before the loans were serviced, (2) whether the collector was a debt collector by trade and (3) whether the person regularly collected debts. See e.g., Spyer v. Navient Solutions, Inc., No. 15-3814, 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016)("Navient is not a "debt collector" under the FDCPA under these circumstances because it became the loan servicer . . . while plaintiff's loan [sic] were not in default."); Levy-Tatum v. Navient and Sallie Mae Bank, 15-3794, 2016 WL 75231, at *7 (E.D. Pa. Jan 7, 2016)("Nor has Levy-Tatum pled facts to demonstrate that Navient is a debt collector by trade, or that the loan was in default during the relevant time period for this action."); Coles v. Goldberg & Ackerman, 14-1612, 2016 WL 4578479, at *6 (D.N.J. Jul. 29, 2015)("To properly plead that a defendant entity is a "debt collector," a plaintiff must allege facts that the defendant regularly collects or attempts to collect debts.") aff'd, 15-3104, 2016 WL 3689077 (3d Cir. Jul. 12, 2016) (nonprecedential); Id. at 7 ("A determination [of the regularity of collecting debts] under the frequency approach is a "fact intensive inquiry.")(internal quotations and citation omitted) aff'd, 15-3104, 2016 WL 3689077 (3d Cir. Jul. 12, 2016) (nonprecedential); Greaves v. Davis Assoc. Inc., 14-1936, 2015 WL 668227, at *4 (D.N.J. Feb. 17, 2015)("[W]hether a person regularly conducts debt collection practices is a fact intensive inquiry."); Hudson v. Sallie Mae Bank, 14-1646, 2016 WL 3264150, at *21 (D. Conn. Jun. 14, 2016)("It is undisputed that [Navient] originated the Babilonia loan.  It is also undisputed that the Babilonia loan was not in default when [Navient] 'obtained' it.

4

10, 11.)  Caione did not file a brief in opposition to Navient's motion.

### STANDARD FOR MOTION TO DISMISS, RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations omitted.)  A complaint must be dismissed for failure to state a claim if it does not have "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. 544, 570 (1970).  Plaintiff must furnish "more than labels and conclusions or a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56.

---

As a result, [Navient] is not a debt collector with respect to its actions in this case[.]"); Haysbert v. Navient Solutions, Inc., 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016) ("[N]umerous courts have found that student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA").  As set forth infra, this Court need not resolve whether Navient is in fact a debt collector because Plaintiff has failed to allege sufficient facts to suggest plausibly that they are, as that term is defined by the FDCPA.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (citation and quotation omitted).

Following the Twombly/Iqbal standard, the Third Circuit set out a two-part analysis for reviewing a complaint under Rule 12(b)(6):

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (citing Iqbal, 129 S. Ct. at 1950) (internal quotation and citation omitted.)

## THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA prohibits the use of abusive, deceptive and unfair debt collection practices by debt collectors. 15 U.S.C. §

1692, et seq.  The Third Circuit set out four elements to prove an FDCPA claim:

> To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)(citing Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 232 (3d Cir. 2005)).

The second element of the FDCPA claim - that plaintiff must show defendant is a "debt collector" - is at issue in this motion.  Under 15 U.S.C. § 1692a(6), a "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[5]  A "debt collector" does

---

[5] One factor in determining whether a person is an FDCPA debt collector is whether the person regularly collects debts for a third party.  As to loan ID 6542, the Promissory Note (Docket No. 8-3) references Sallie Mae Bank, not Navient.  This raises the question as to whether this loan was with a third party.  Neither Plaintiff nor Defendant discussed the relationship of Sallie Mae Bank to Navient.  Their connection is however, described in other court opinions.  Sallie Mae, Inc. changed its name to Navient on May 1, 2014.  See Spyer v. Navient Solutions, Inc., No. 15-3814, 2016 WL 1046789, at *2 (D.N.J. March 15, 2016).  The name change followed a corporate reorganization creating (1) a restructured SLM Corporation which continued

7

not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person . . . and concerns a debt not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii).

## ANALYSIS

In order for Caione to survive a 12(b)(6) motion to dismiss, he must aver "enough facts to state a claim that is plausible on its face." See Twombly, 550 U.S. 544, 570 (2007). Caione says he is a natural person and a consumer, satisfying the first element of the claim, and he avers Navient is attempting to collect a debt, the third element of the claim. (Docket No. 1 at 1.) Caione describes Navient's conduct and alleges the conduct violated various sections of the Act, in apparent satisfaction of the fourth element. (Docket No. 1 at 3-6.)

However, Caione fails entirely to aver and factually support the second element of the claim, that Navient is a "debt

---

operating as a separate publicly traded company and Sallie Mae Bank, and (2) Navient Corporation, of which defendant Navient Solutions, Inc. is a subsidiary." Levy-Tatum v. Navient and Sallie Mae Bank, No. 15-3794, 2016 WL 75231, at *6 (E.D. Pa. Jan. 7, 2016). See also id. at n.5. We take judicial notice of these facts. Navient is a corporate successor to Sally Mae; so there is no third party relationship to consider.

collector" as defined by the Act.  In considering this Motion to Dismiss, the Court looks upon the allegations of Caione in the light most favorable to him.  See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678; see <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  While Navient repeatedly says it collects debts,[6] the threshold question is whether Caione is a "debt collector" as defined by the FDCPA.  Caione does not aver that Navient was a debt collector by alleging, for example, that: (1) Navient's principal purpose was to collect debts;[7] (2) Navient regularly collected or attempted to collect debts owed to another;[8] (3) the

---

[6] In its correspondence to Caione, Navient admits to collecting debts.  In the 2015 letters of November 24, December 1, December 5, and December 24, Navient ends each letter with the following written in bold, "This is an attempt to collect a debt and information obtained will be used for that purpose." (Docket No. 1-3.)  A June 24, 2015 letter says in italics, "This communication is an attempt to collect a debt.  Any information will be used for that purpose."  (Docket No. 1-3 at 31.)  In addition, most of the letters are signed, "Sincerely, Navient Collections." (Docket No. 1-3.)  Further, the November 24, 2015, letter says, "Because of your severe delinquency, your Navient student loan has reached a critical point and is headed for default. To avoid elevated collection activities, you must make acceptable payment arrangements immediately." (Docket No. 1-3 at 24.)

[7] <u>See</u> 15 U.S.C. § 1692a(6)) (A debt collector is a person "in any business the principal purpose of which is the collection of any debts. . . .").

[8] <u>See</u> 15 U.S.C. § 1692a(6)) (A debt collector is a person "who regularly collects or attempts to collect . . . debts owed or due another.").

debt was not originated by Navient;[9] or (4) the debt was in default at the time it was obtained by Navient.[10]  Plaintiff's cupboard, as it relates to the second element, is factually bare.

Plaintiff's FDCPA claims are not only deficient but also inconsistent with the facts that are alleged in the Complaint or are incorporated within through the attachments.  The attachments establish that Navient[11] began servicing the loans before any loan default.[12]  Therefore, on the facts alleged, Navient is not a debt collector as defined by the statute.  As this Court noted in Spyer v. Navient:

> Navient is not a "debt collector" under the FDCPA under these circumstances because it became the loan servicer (first as Sallie Mae before it changed its name) while plaintiff's loan [sic] were not in

---

[9] See 15 U.S.C. § 1692a(6)(F)(iii)) (A person is not a debt collector if the activity "concerns a debt which was originated by such person.").

[10] See 15 U.S.C. § 1692a(6)(F)(iii)) (A person is not a debt collector if the activity "concerns a debt which was not in default at the time it was obtained by such person.").

[11] The closest Plaintiff comes to adequately pleading the second element is paragraph 4 of the Complaint in which he alleges, in conclusory fashion, that Defendant "collects . . . on behalf of creditor and debt buyers . . . ."  This barebones allegation fails to satisfy the Twombly/Iqbal pleading standard.  As noted supra, a plaintiff must allege "more than labels and conclusions or a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56.

[12] In fact, although a Navient letter discusses the possibility of default, as noted in Footnote 5, there is nothing in the Complaint that alleges the loans went into default.

> default. Therefore, the FDCPA is inapplicable to
> Navient's relationship with plaintiff as a servicer of
> plaintiff's federal student loans. See Pollice v.
> Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir.
> 2000) ("[T]he FDCPA's provisions generally apply only
> to "debt collectors." Creditors-as opposed to "debt
> collectors"- generally are not subject to the
> FDCPA."); id. ("Courts have indicated that an assignee
> of an obligation is not a 'debt collector' if the
> obligation is not in default at the time of the
> assignment).

Spyer v. Navient, 15-3814, 2016 WL 1046789, at *3 (Mar. 15, 2016)(some citations and quotations omitted); see also Haysbert v. Navient Sols., Inc., 15-4144 PSG, 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016)(explaining that numerous courts have found that student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA).

Here, the facts pled indicate Navient (as corporate successor to Sally Mae) was the loan originator. By definition, then, Navient began servicing the loans prior to any default. Plaintiff has failed to allege any facts to support an allegation that Navient was a debt collector and the facts that are alleged suggest otherwise. Because Plaintiff has failed to state a valid claim under Rule 8(a) and Twombly/Iqbal, his Complaint will be dismissed.

## CONCLUSION

Navient's Motion to Dismiss Caione's Complaint for failure to state a claim under the FDCPA will be granted. The Clerk will also correct Defendant's name, noting that it is Navient

11

Solutions, Inc., not Navient Corporation.  An appropriate Order will be entered.


Dated: August 18, 2016                S/Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

12